UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:10-CR-110-7 |
| | ) | (VARLAN/GUYTON) |
| COURTNEY WAYNE WALDEN, | ) | |
| Defendant. | ) | |

## **ORDER**

This criminal case is before the Court on the Motion of Defendant, Courtney Wayne Walden for Reconsideration of Release Pending Sentencing [Doc. 210], pursuant to 18 U.S.C. § 3145(c). Prior to the defendant's change of plea hearing, the defendant submitted a motion for release pending sentencing, pursuant to § 3145(c) [Doc. 207]. The government responded in opposition to the motion. After hearing argument, the Court orally denied the motion, finding that the defendant had not stated an exceptional reason warranting his release pending sentencing, as required by § 3145(c). The Court also denied the defendant's oral motion that the Court reconsider that ruling. The defendant has now moved, in writing, for reconsideration of those orders. The government has responded in opposition [Doc. 228].

**I.      18 U.S.C. § 3143(c)**

Title 18 U.S.C. § 3143(a)(2) provides for mandatory detention for certain crimes, including distribution of a mixture and substance containing a detectable amount of cocaine,

a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), the crime to which the defendant pled guilty. Section 3145(c) provides that:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

The U.S. Court of Appeals for the Sixth Circuit has found that § 3145(c) does not preclude a district judge from making a determination of exceptional reasons in support of release even though that provision appears at the close of a section on review and appeal. *United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002). In *United States v. Christman*, the Sixth Circuit clarified its position on this issue, holding that a district court erred in not considering whether a defendant had established exceptional reasons to support his request for release pending sentencing. 596 F.3d 870, 871 (6th Cir. 2010).

The Sixth Circuit has not definitively ruled on what constitutes the sort of "exceptional reasons" that would justify release pending sentencing. *Christman*, 596 F.3d at 870-71 (holding simply that pursuant to § 3145(c), a district court may order a defendant released pending sentencing upon a showing of "exceptional reasons"). *See also Cook*, 42 F. App'x at 804 (holding that the district judge did not err in holding that cooperation with the government and hardship to the defendant's family and his business associates did not amount to exceptional circumstances). Nor does the statute itself define the parameters of

an "exceptional reason." *See* 18 U.S.C. § 3145(c). Courts, however, appear to agree that circumstances must be "out of the ordinary," "uncommon," or "rare," and that the reasons should "set[] [the defendant] apart from any one else convicted" of a similar crime or crimes. *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993). It has also been noted that exceptional reasons exist where there is "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991); *see also United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) ("We have said that 'exceptional' means something 'clearly out of the ordinary, uncommon, or rare.'") (citation omitted).

In each case, "the determination of whether 'exceptional reasons' have been clearly shown is quintessentially a fact-intensive inquiry requiring a case by case analysis." *Koon*, 6 F.3d 564 (citing *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir.1992) and *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir.1991)). The district judge, therefore, has broad discretion in the factors the judge might consider when determining whether exceptional reasons for release exist. *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003) (the district court has discretion "to consider all the particular circumstances of the case before it"); *DiSomma*, 951 F.2d at 497 ("district judges have the full exercise of discretion in these matters").

## II. The Defendant's Request for Release Pending Sentencing

The defendant requests that the Court reconsider its previous denials of the defendant's requests for release pending sentencing. While the defendant acknowledges that

3

the determination of exceptional reasons is within the discretion of the Court, he submits that an intense view of the law underlying the variations on what constitutes exceptional reasons, coupled with the circumstances of his case, may lead the Court to reconsider its previous order.[1] The defendant urges the Court to reconsider the following circumstances as exceptional reasons for his release: the defendant is a single parent and the sole custodian and source of support for his children, ages 12, 14, and college-age; the children's grandparents are unable to care for them due to their own health concerns; the children's mother cannot care for the children due to her battles with substance addiction; the defendant does not receive aid other than food stamps; the defendant is employed; and since the inception of this case, the defendant has cared for the two children of his brother and co-defendant, Bryan Walden. Last, the defendant submits that he has obtained financial aid for college and withdrawing during the term may have a deleterious effect on his ability to obtain financial aid and cause his aid for the current term to be immediately due and payable.

The defendant compares the circumstances of his case to that of the defendant in *United States v. Kaquatosh*, 252 F. Supp. 2d 775 (E.D. Wis. 2003). In *Kaquatosh*, a case from the Seventh Circuit, the defendant pled guilty to two charges of assault causing serious bodily injury. *Id.* at 776. Following his arrest, and prior to entering his guilty plea, the defendant was released for six months on his own recognizance. *Id.* At his plea hearing, the

---

[1] The Court does not have evidence that the defendant is likely to flee or that he poses a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3143(a)(1), (b)(1); 18 U.S.C. § 3145(c). Accordingly, the Court only addresses the "exceptional reasons" factor.

government requested that the defendant be remanded into custody. The district court concluded, however, that exceptional reasons were present for allowing the defendant to remain on release pending sentencing. *Id.* at 776-77. The district court found detention of the defendant to be inappropriate for four reasons: (1) the defendant performed exceptionally well on pre-trial release, including successfully completing substance abuse treatment and testing negatively for illegal substances; (2) the defendant obtained employment and performed excellently; (3) the defendant desired a psychological evaluation and treatment prior to imprisonment, treatment which the defendant's probation officer endorsed and represented could be promptly arranged; (4) the defendant indicated that his steady employment enabled him to regularly send money home to his family. *Id.* at 779-80.

The defendant acknowledges in his motion that district courts have differed on what may constitute exceptional reasons, [*see* Doc. 210, p. 3], and viewing the totality of the circumstances surrounding this defendant's case, this Court concludes again that the defendant has not clearly shown the existence of exceptional reasons that warrant his release pending sentencing. *See Garcia*, 340 F.3d at 1022 ("Only in *truly unusual* circumstances will a defendant whose offense is subject to the statutory provision be allowed to remain out on bail.") (emphasis added). The Court finds that the defendant's good behavior while out on pretrial release, and the inevitable personal and financial hardship facing the defendant and his family, do not add up to the sort of "exceptional reasons" contemplated under the statute. Furthermore, the defendant has cited no basis under Sixth Circuit law for the Court to find otherwise.

5

First, there is nothing unusual about a defendant who, after realizing he is facing serious criminal charges, decides to remain on his best behavior. Second, the defendant's difficulties in determining who will care for his children, while unfortunate, are sadly circumstances that are not unusual or exceptional in this type of case or in other cases before this Court. Third, the Sixth Circuit has affirmed a district court's holding that hardship to family and business associates, along with cooperation with the government, do not amount to exceptional circumstances. *See Cook*, 42 F. App'x at 803-04. *See also United States v. Schimley*, No. 1:08 CR 510, 2010 WL 1796337, at * 2 (N.D. Ohio. 2010); *United States v. Lippold*, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001) (collecting cases and noting that "circumstances that are 'purely personal' do not typically rise to the level of 'exceptional warranting release'"). Finally, the defendant's circumstances are similar to the defendant in *United States v. Christman*, in which the defendant argued that the substantial hardship on his family, particularly his seventeen-month son, the defendant's enrollment in college, his cooperation with the government, and the unlikeliness that the defendant would flee, constituted exceptional reasons for his release. 712 F. Supp.2d 651, 655-56 (E.D. Ky. 2010). The district court was "sympathetic" to the defendant's situation, but denied release, finding that "personal and familial hardship and disruption to an individual's educational or professional affairs are the natural, if unfortunate, consequences of finding oneself at the mercy of the criminal justice system." *Id.* at 656.

While the defendant's circumstances, his separation from his children, his financial troubles, and his potential problems with obtaining financial aid for college are unfortunate, these circumstances are not unusual or exceptional consequences of a term of incarceration. *See, e.g.*, *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (concluding that a defendant's release pending sentencing was improper because "compliance with the terms of his pretrial release, his lack of a criminal record, his payment of child support, and his ongoing employment . . . are not clearly out of the ordinary, uncommon, or rare"); *United States v. Bonzek*, No. 08 Cr. 361(PAC), 2009 WL 2924220, at *4 (S.D.N.Y. Sept. 8, 2009) (noting that the defendant's "personal situation–that he is the primary caretaker for his ill partner and that he is concerned about the status of his apartment while he is imprisoned is typical of many criminal defendants and is neither remarkable nor uncommon"). While the Court notes that this defendant's circumstances are similar in some respect to the defendant in *Kaquatosh*, given the lack of cases from the Sixth Circuit finding that family and financial circumstances of this type constitute exceptional reasons for release pending sentencing and the Court's review of cases in other circuits in which such circumstances have been discussed, the Court declines to find similarly to the district court in *Kaquatosh* and hold that the circumstances of this case constitute exceptional reasons for the defendant's release.[2]

---

[2]The Court also notes that in *Kaquatosh*, one of the exceptional reasons found by the district court was that the probation office agreed that the defendant was in need of a psychological evaluation prior to incarceration. No such circumstance is present in this case.

7

### III. Conclusion

Accordingly, and for the reasons given above and at the change of plea hearing, the Motion of Defendant, Courtney Wayne Walden for Reconsideration of Release Pending Sentencing [Doc. 210] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
