# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

COURTNEY WAYNE WALDEN, )
)
         Petitioner, )
)
v. )    Nos:  3:10-CR-110
)            3:13-CV-647
UNITED STATES OF AMERICA, )         (VARLAN/GUYTON)
)
         Respondent. )

## **MEMORANDUM**

Petitioner Courtney Wayne Walden ("petitioner") filed a *pro se* "MOTION FOR MODIFICATION OF SENTENCE." [Doc. 381].[1] Petitioner subsequently, through counsel, filed a "RENEWED MOTION FOR MODIFICATION OF SENTENCE UNDER 18 U.S.C. §3582(C)(2) OR TO VACATE UNDER 28 U.S.C. §2255." [Doc. 416]. For the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motions, and the motions will be **DENIED**.

The petitioner pleaded guilty to aiding and abetting the distribution of a mixture and substance containing a detectable amount of cocaine (cocaine hydrochloride) and was sentenced to a term of imprisonment of 41 months. In return for petitioner's guilty plea, all remaining charges against him, including the charges involving cocaine base (crack cocaine), were dismissed. [Doc. 311, Judgment; Doc. 153, Plea Agreement].

---

[1]All citations to the record refer to the docket sheet in petitioner's criminal case.

The basis for petitioner's pending motions is Amendment 750 to the sentencing guidelines, which lowered the base offense levels for defendants convicted of crack cocaine offenses. Amendment 750 did not change the penalties related to powder cocaine (cocaine hydrochloride), which is the controlled substance for which petitioner was convicted. *See, e.g., United States v. Stafford*, 258 F.3d 465, 470-71 (6th Cir. 2001) (cocaine hydrochloride and crack cocaine are two different controlled substances subject to distinct guidelines calculations). Accordingly, Amendment 750 does not afford petitioner any relief and his pending motions will be **DENIED**.

It is worth noting that a criminal defendant generally gets only one "bite" at a § 2255 "apple." *See* 28 U.S.C. § 2255(h) (a petitioner cannot file a "second or successive" motion absent permission from the court of appeals). A motion to modify a sentence based upon a change in an applicable guideline range is more properly brought as a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) rather than a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For that reason, the § 2255 motion will be **DENIED WITHOUT PREJUDICE**. The Clerk will be **DIRECTED** to **CLOSE** the civil file.

**AN APPROPRIATE ORDER WILL ENTER.**


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

2